## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ROOSEVELT McCLENTON,                           Civil No. 11-441 (JNE/JJK)

        Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

        Respondent.

_____

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 4.)[1]   The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I.  BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota.   He is serving a 180-month prison sentence that was imposed in the State

---

[1]   The Court previously determined that Petitioner's original habeas corpus petition, (Docket No. 1), was fatally defective for several reasons.   (See Order dated February 24, 2011; [Docket No. 3].)   Petitioner was granted leave to file an amended petition, and he has now done so.   Petitioner also was ordered to pay the $5.00 filing fee for this case, (or else apply for leave to proceed in forma pauperis), and he has now paid that fee. Therefore, the matter is presently before the Court for consideration of Petitioner's amended habeas corpus petition.

[2]   Rule 4 provides that "[i]f  it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

District Court for Hennepin County, Minnesota.   Petitioner was sentenced after a jury found him guilty of first degree aggravated robbery, and a fifth degree controlled substance offense.   (Amended Petition, [Docket No. 4], p. 1, ¶s 1-6.)

After Petitioner was convicted and sentenced, he filed a direct appeal that raised three grounds for relief:

(1) the trial court erroneously failed to give jury instructions that would have allowed the jury to find Petitioner guilty of a lesser-included offense;

(2) Petitioner was wrongly precluded from presenting arguments and evidence that would have enabled the jury to exonerate him based on an involuntary intoxication defense; and

(3) the trial court erroneously allowed the prosecution to present evidence of several prior criminal complaints against Petitioner.[3]

The Minnesota Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence.   State v. McClenton, 781 N.W.2d 181, 186 (Minn.App. 2010), rev. denied, June 29, 2010, cert. denied, 131 S.Ct. 530 (2010). Petitioner has not sought post-conviction relief in the state courts.   (Amended Petition, p. 2, ¶ 10.)

---

[3]   Petitioner's amended habeas corpus petition indicates that he raised only one claim for relief in his direct appeal – namely that the trial court erroneously refused to give the jury instructions on lesser included offenses.   (Amended Petition, [Docket No. 4], p. 2, ¶ 9(d).)   However, the Minnesota Court of Appeals' decision on Petitioner's direct appeal shows that he actually raised the three claims listed in the text.   State v. McClenton, 781 N.W.2d 181, 186 (Minn.App. 2010), rev. denied, June 29, 2010, cert. denied, 131 S.Ct. 530 (2010).   Furthermore, Petitioner's brief to the Court of Appeals, (which is accessible via Westlaw), confirms that his direct appeal presented the three claims listed in the text.

Petitioner's current habeas corpus petition lists three grounds for relief, which are described as follows:

(1) "Denial of effective assistance of counsel."

(2) "Conviction obtained by a violation of the privilege against self incrimination."[4]

(3) "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the charge and the consequences of the plea." (Amended Petition, pp. 4-5, ¶s 12.A., 12.B., and 12.C.)

Petitioner's third ground for relief is quite baffling, because he claims that he was convicted by means of an invalid guilty plea, even though his petition plainly shows that he pleaded "not guilty," and he was convicted by a jury verdict – not a guilty plea. (Amended Petition, p. 1, ¶s 5-6.)   The "supporting facts" that accompany Petitioner's third ground for relief suggest that he is not really challenging the validity of any guilty plea, but rather, he is claiming that he was wrongly precluded from presenting arguments and evidence in support of an involuntary intoxication defense.   For Petitioner's benefit, the Court will assume (for now) that the third claim listed in the current petition is actually intended to be the same as the second claim for relief that Petitioner raised in his direct

---

[4]   The "supporting facts" that accompany Petitioner's second ground for relief, repeated verbatim and in their entirety, are as follows:  "I feel I (Mr. Rosevelt [sic] McClenton) has a mental illness, which was <u>NOT</u> allowed to be present[ed] as evidence in court."   (Amended Petition, p. 4, ¶ 12.B. [emphasis in the original].)   These "supporting facts" appear to be wholly unrelated to Petitioner's claim that he was convicted in violation of his privilege against self incrimination.   Thus, it is not clear whether Petitioner is claiming (at Ground Two) that (a) he was somehow deprived of the Fifth Amendment privilege against self-incrimination, or (b) he was deprived of his right to present a mental illness defense.   As noted below, (<u>see</u> n. 5, <u>infra</u>), neither one of the two different claims that Petitioner seems to be raising in his current Ground Two was raised in his previous state court appeal.

appeal to the Minnesota Court of Appeals – i.e., that he was denied the opportunity to present an involuntary intoxication defense.

It is readily apparent, however, that some of Petitioner's current grounds for relief were <u>not</u> raised in his direct appeal.   Therefore, Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.   28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.   <u>O'Sullivan</u>, 526 U.S. at 844; <u>Rose</u>, 455 U.S. at 518-19; <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (<u>per</u> <u>curiam</u>).   To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.   <u>O'Sullivan</u>, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]   To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers

of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition.   A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.   Rose, 455 U.S. at 510, 522.

Here, it is readily apparent that at least two of Petitioner's current claims for relief, i.e., Grounds One and Two,[5] have not been exhausted, because they have not been raised in the Minnesota state appellate courts.   As a result, those two claims are "unexhausted" for federal habeas purposes.[6]

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq.   The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been

---

[5]   As previously noted, (see n. 4, supra), the true nature of Petitioner's second ground for relief is unclear.   Petitioner claims that he was convicted in violation of his privilege against self-incrimination, but the "supporting facts" accompanying that claim make no mention of any self-incrimination.   In the "supporting facts," Petitioner seems to be arguing that he was wrongly barred from introducing evidence that would have shown he has a mental illness.   As a practical matter, however, it does not matter whether Petitioner is attempting to bring a self-incrimination claim, or a right-to-present-evidence claim, (or both), because he did not raise either of those two claims in his direct appeal.

[6]   As discussed above, the Court is presently assuming that Petitioner's third ground for relief is intended to be the same as one of the claims raised in his direct appeal – i.e., that he was wrongly barred from presenting an involuntary intoxication defense.

previously raised on direct appeal.   <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997),

citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d

482, 484 (Minn. 1995).   However, it is preferable to have the Minnesota state courts,

rather than the federal district court, decide whether Petitioner's unexhausted federal

constitutional claims can still be heard and decided on the merits in state court.   <u>See</u>

<u>Nelson v. Solem</u>, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing

that further resort to state procedures for post-conviction relief would be futile, we affirm

the district court's decision to dismiss [the] habeas petition without prejudice for lack of

exhaustion").[7]

Because Petitioner has not met the exhaustion of state court remedies

requirement for at least two of his current claims, (i.e., Grounds One and Two), he has

filed a "mixed petition."   The Court will therefore recommend that this action be

summarily dismissed pursuant to Rule 4 of the Governing Rules.   However, it will be

recommended that the action be dismissed <u>without prejudice</u>, so that Petitioner can

return to the state courts and attempt to exhaust his presently unexhausted claims.

Petitioner may return to federal court, (if necessary), after the state courts, <u>including the</u>

---

[7]   At this point, it cannot be determined whether the state courts actually will adjudicate Petitioner's unexhausted claims on the merits.   It should be noted, however, that if any claims are rejected without reaching the merits, because Petitioner failed to comply with applicable state procedural rules, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence.   <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).   <u>See</u> <u>also</u> <u>Jones</u> <u>v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court.   See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).   See also Nelson, supra.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.   Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).   If Petitioner intends to exercise that option here, he should file an entirely new second amended petition that includes only fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation.   If Petitioner does not file such a second amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.   Petitioner should note that if he does file a second amended petition that includes only his exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

## III.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files a second amended habeas corpus petition listing only fully exhausted claims.

7

Dated:    April 7, 2011

s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 21, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.   A judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.